### SANDERS v. SHEFFIELD et al.

(Court of Civil Appeals of Texas. Texarkana. June 6, 1912.)

APPEAL AND ERROR (§ 1064*)—REVIEW—HARMLESS ERROR.

In trespass to try title, plaintiff claimed the land as heir of his father, and defendants claimed by adverse possession. It appeared that plaintiff's father had been in possession of the land, and that, when he died, it was held by his father's mistress. *Held*, that as the evidence clearly showed that she and her grantees possessed the land for more than ten years, thus establishing defendants' title by adverse possession, error in the charge as to whether she was the common-law wife of plaintiff's father was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

Appeal from District Court, Cass County; P. A. Turner, Judge.

Trespass to try title by Tom Sanders against R. P. Sheffield and others. From a judgment for defendants, plaintiff appeals. Affirmed.

This is an action of trespass to try title, and judgment was entered for the defendants. The appellant, plaintiff in the suit, claimed the land by virtue of heirship from his father, Jack Sanders, deceased. He proved heirship. The appellees, defendants below, answering separately, pleaded not guilty, and, respectively, the five and ten years statutes of limitation. The appellees, respectively, established their plea of limitation. The only issues of fact in the case were heirship of appellant and limitation as pleaded by appellees. The evidence on behalf of appellant established that Jack Sanders and Hester Sanders were husband and wife according to the laws of Arkansas, and that appellant was the sole surviving child of that union. Jack and Hester separated, and Jack moved to Texas, where he died in 1894. Hester remained in Arkansas, where she died in 1893. At the death of Jack he was the owner of 170 acres of land in Cass county, Tex., on which he had resided for a number of years in adulterous relation with one Mariah Pryor. After the death of Jack Sanders, Mariah Pryor continued to reside upon the premises, cultivating and using the same, and claiming it all as her own, and paying all taxes on it. Several weeks after the death of Jack Sanders, and in 1894, the appellant came to the premises from Arkansas to take possession of the premises, and demanded of Mariah the possession of the land. Appellant knew Mariah was occupying the land and using it. Mariah refused to yield possession of any part of the land

to appellant, and denied to him that he had any right of possession, and made known to him that she was claiming all the land as her own. Upon the refusal of Mariah to let him into possession and occupancy of the land, the appellant left. The suit here was filed in July, 1909. On March 13, 1895, Mariah executed a deed to J. S. Mills of 60 acres of the land, and the deed was duly registered on March 23, 1895. Mills and his subsequent vendees have exclusively and continuously used and occupied the 60 acres, claiming the same under registered deeds, and paying all taxes thereon from the date of the deed in 1895 to trial of the suit. Mariah Pryor continued to reside upon the remaining 110 acres, using, cultivating, and claiming all of it, and paying all taxes to the time she conveyed it by deed to appellee Sheffield, which was in 1906. Since the date of his deed Sheffield and his vendees have been in exclusive possession, claiming under the deed. The evidence conclusively shows that Mariah Pryor was in actual and continuous and exclusive adverse possession of the 110 acres, claiming it all, for 12 years from the date of the death of Jack Sanders, and at the time of her deed to Sheffield was the owner under completed limitation title of 10 years adverse possession.

Hugh Carney, of Atlanta, for appellant. O'Neal & Allday and O'Neal & Figures, all of Atlanta, for appellees.

LEVY, J. (after stating the facts as above). If the relationship existing between Jack Sanders and Mariah Pryor was not of common-law marriage, but of concubinage or adultery, as insisted by appellant in his seventh assignment of error, then the only two issues of fact in the case were of heirship on the part of appellant under the marriage of Jack and Hester Sanders and the statutes of limitation pleaded by the appellees. As the record admits both the heirship of appellant and complete limitation by appellees, the sustaining of the seventh assignment, which we think must be done, necessarily requires the overruling of the other assignments complaining of the court's charge, for the reason that the only judgment warranted by the record was the one entered by the court, and hence the charge of the court was without any injury to appellant. The court submitted the issue to the jury of common-law marriage between Jack Sanders and Mariah Pryor. Appellant requested the court to peremptorily instruct the jury, and here insists, that the relationship existing between the two was that of concubinage or adultery. This assignment and contention must be sustained as required by the record. As a marriage of Mariah and Jack was not proven, appellant cannot predicate in the record any contention that Mariah's possession and claim of the land was as widow or heir of deceas-

ed and subordinate, and not adverse to his rights as an heir. As Mariah was not the widow or heir of Jack Sanders, as contended by appellant, then she was in a position and relation to the land at the inception of her claim and possession to commence and continue as any other stranger adverse possession and occupancy against appellant. So, under the proven facts, appellant, as the heir of Jack Sanders, was entitled to recover the land, unless his right was barred by the statute of limitations pleaded. As the record admits a complete limitation title in the appellees, there remained no issue of fact to go to the jury, and the appellees were entitled to have a peremptory instruction in their favor on limitation. So in the record the sustaining of the contention made by appellant in the seventh assignment makes any error pointed out in the objections to the court's charge harmless error.

The judgment is affirmed.